**The STATE of Ohio, Appellee,**

v.

**GRUBB, Appellant.**

[Cite as *State v. Grubb* (1996), 111 Ohio App.3d 277.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15372.

Decided May 24, 1996.

*J. Anthony Sawyer,* Akron Director of Law; *John J. Scaccia,* Chief Prosecuting Attorney, and *Edward B. Neuman,* Assistant City Prosecuting Attorney, for appellee.

*H. Steven Hobbs,* for appellant.

RICHARD K. WILSON, Judge.

The defendant-appellant, Brian K. Grubb, was charged with knowingly causing physical harm to his wife, Kelly Grubb.

The defendant was found guilty of domestic violence as charged in the complaint after a bench trial. He has appealed from his conviction.

The state presented substantial, competent, credible evidence during its case in chief that the defendant knowingly caused physical harm to Kelly Grubb on October 12, 1994.

After the state rested, the defendant and several other witnesses testified on his behalf. The defendant denied assaulting his wife. He testified that his wife assaulted him. He also testified that he was a battered husband who had never assaulted Kelly Grubb or the defendant's former wife.

On rebuttal Deidra Hoskins, the defendant's previous wife, testified over objections that she had been assaulted by the defendant on two occasions.

The defendant has advanced two assignments of error. The first is:

"The trial court erred when it admitted into evidence testimony of prior acts of the defendant-appellant."

In first assignment of error Grubb argues that the trial court committed error in admitting, over his objection, testimony by his former wife Deidra Hoskins that on two occasions during their marriage he assaulted Deidra.

Evid.R. 404 provides:

"(A) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:

"(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable."

Evid.R. 404(A) codifies the basic general rule that evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity with his character on a particular occasion. Weissenberger, Ohio Evidence (1996), Section 404.4. Offering evidence of a person's character poses an inherent risk that the trier of fact will be distracted from the central issues in the case, and decide the case based upon the trier's attitude toward a person's character, rather than upon an objective evaluation of the operative facts. *Id.* Character evidence is generally excluded not because it lacks relevancy, but because its probative value is substantially outweighed by the danger of unfair prejudice. Weissenberger, *supra,* at Section 404.2.

Evid.R. 404(A)(1) to (3) sets forth three exceptions when the general prohibition against using character evidence to prove conforming conduct is not applied, allowing otherwise forbidden inferences to be used in certain limited contexts. The state argues in this appeal that Deidra's testimony that defendant assaulted her on two separate occasions during their marriage was admissible pursuant to Evid.R. 404(A)(1) to rebut defendant's testimony that he had never assaulted his current wife (Kelly) or any other woman. We disagree. Pursuant to Evid.R. 404(A)(1), an accused may offer evidence of his good character or a pertinent trait thereof, such as peacefulness, in order to demonstrate that on the particular occasion involving the charged offense he acted in conformity with his good character and did not commit the crime charged. With such character evidence, the accused attempts to demonstrate a general propensity that is behaviorally incompatible with the crime charged. Only after the accused has introduced such evidence and thereby put his good character in issue may the

prosecution then offer in rebuttal evidence attacking the character of the accused. Weissenberger, *supra,* at Section 404.5.

An examination of this record reveals that defendant did not put his good character in issue in this case. Defendant did not testify on direct examination that he is a peaceful person or that he has never assaulted any woman, including his former wife. Rather, it was the state that elicited that testimony from defendant on cross-examination by the use of specific questions designed for just that purpose. The defense objected, unsuccessfully, to that questioning. Because defendant made no claim at trial regarding his own good character, *i.e.,* did not put his character in issue, the testimony of defendant's former wife, Deidra, was not admissible pursuant to Evid.R. 404(A)(1) to rebut the answers. The prosecution cannot circumvent the limited nature of the exception provided in Evid.R. 404(A)(1) by putting the character of an accused in issue via its own questions, and then present evidence to rebut the answers. Such tactics run afoul of the universal principle that the prosecution may not offer, in the first instance, evidence of an accused's character to show a general propensity to commit the acts underlying the crime charged. Weissenberger, *supra,* at Section 404.5.

That brings us to Evid.R. 404(B), which provides:

"Other crimes, wrongs or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

For his defense defendant presented evidence at trial designed to demonstrate the affirmative defense of self-defense. Defendant also presented via his own testimony an alternative, albeit somewhat inconsistent, defense of lack of intent to cause harm or accident. Specifically, defendant testified that it was his wife who jumped on him (not vice versa) and that he simply grabbed her and pulled her off, that he did not assault her, that he did not remember making any specific marks on her, that he did not know whether some of her injuries would have occurred as a result of him pulling her off him, and that when his wife jumped on him they both went tumbling down four or five stairs.

In order to prove a violation of R.C. 2919.23(A), the state was required to prove that defendant "knowingly" caused, or attempted to cause, physical harm to his wife. R.C. 2901.22(B) provides:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain

nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

When an accused asserts the defense of self-defense he does not seek to negate any of the elements of the offense which the state is required to prove. Self-defense is not merely a denial or contradiction of evidence offered by the state to prove the essential elements of the charged crime. Rather, it is an admission of the prohibited conduct coupled with a claim that the surrounding facts or circumstances exempt the accused from liability therefor—"justification for admitted conduct." *State v. Poole* (1973), 33 Ohio St.2d 18, 62 O.O.2d 340, 294 N.E.2d 888; *State v. Martin* (1986), 21 Ohio St.3d 91, 21 OBR 386, 488 N.E.2d 166. In cases where the accused only asserts self-defense and accordingly does not deny or contradict the essential elements of the charged crime, we entertain doubts about whether the state can properly utilize prior crimes, wrongs, or acts by that accused to establish his "intent", or demonstrate that the injuries suffered by his victim were "not the result of accident," as such matters are uncontested and simply not in issue. However, in this case defendant not only asserted a claim of self-defense but his testimony also raised an issue regarding whether his wife's injuries were "accidental" and not the result of any intentional (or knowing) conduct on his part. To that extent "intent" and "lack of accident," two matters specifically identified in Evid.R. 404(B), were in issue in this case. Accordingly, the state was entitled to utilize the evidence regarding defendant's assaults on his former wife pursuant to Evid.R. 404(B) not for the purpose of showing that on this occasion defendant acted in conformity with that character, but to prove his intent (culpable mental state) and the lack of accident, in this case.

The first assignment of error is overruled.

The last assignment of error provides:

"The trial court erred finding the defendant guilty against the manifest weight of the evidence."

Although the evidence presented at trial was conflicting, applying the appropriate standards of review from *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, and *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, that evidence was nevertheless sufficient to allow a reasonable trier of fact to conclude that all of the essential elements of domestic violence were proven in this case.

This assignment of error is overruled.

We affirm.

*Judgment affirmed.*

FAIN and GRADY, JJ., concur.

RICHARD K. WILSON, J., retired, of the Second Appellate District, sitting by assignment.