OPINION
Defendant-appellant, Pete Schumacher, was indicted on one count of felonious assault in violation of R.C.2903.11(A)(2) and convicted following a jury trial in the Brown County Court of Common Pleas. He appeals his conviction and sentence of six years in prison.
Appellant and the victim, Donnie Thompson, are next door neighbors on Fourth Street in Ripley, Ohio. Following a rainstorm on May 31, 1997, Thompson was at the edge of his driveway with a broom attempting to collect loose gravel that had been washed away from the newly paved roadway on Fourth Street. Thompson was trying to build a small dam with the gravel to force run-off rainwater away from his home. Appellant was apparently making a similar attempt on his adjacent driveway when he began sweeping gravel, including that piled up by Thompson, out of the way.
Thompson testified that he asked appellant not to push away the gravel whereupon appellant began striking Thompson about the head with his broomstick. The force of the blows shattered appellant's broomstick, yet appellant continued to beat Thompson with the splintered handle. Thompson was seriously injured during the attack.
The defense claimed that Thompson struck the first blow with his own broom and appellant was forced to retaliate in selfdefense. Although no one witnessed the beginning of the incident, several individuals testified that upon arriving at the scene, they observed Thompson on the ground with appellant standing above him, straddling Thompson and savagely beating him with his broomstick. Appellant later expressed a sense of satisfaction with the outcome since he had overpowered a "275 pound bully" and indicated he was "proud" of what he accomplished. He further suggested that had a baseball bat been available, he would have "finished off" Thompson.
In his sole assignment of error, appellant contends his conviction is against the manifest weight of the evidence. Specifically, appellant argues his conviction must be reversed since he proved by a preponderance of the evidence that he acted in selfdefense.
Self-defense is an exception to the rule that a person must generally avoid using force to injure another. State v. Napier (1995), 105 Ohio App.3d 713, 721, appeal dismissed (1996),74 Ohio St.3d 1498. An individual is entitled to use self-defense when he is not at fault in creating the situation which gives rise to the dispute, has an honest belief that he is in imminent danger of death or great bodily harm, and his only means of escape from such danger is in the use of force and he must not violate any duty to retreat or avoid danger. Id.
When the accused asserts self-defense, he does not seek to negate any element of the offense. State v. Grubb (1996),111 Ohio App.3d 277, 282. Self-defense is not a denial of the evidence offered by the state to prove the essential elements of the charged crime. Id. Rather, an assertion of self-defense is an admission of the prohibitive conduct, coupled with a claim that the surrounding facts or circumstances exempt the accused from liability and provide justification for the admitted conduct. Id.
Even if we accept appellant's contentions that he was not at fault for initiating the confrontation and that he possessed an honest belief that he was in imminent danger of death or great bodily harm, the question still remains whether appellant violated a duty to retreat or avoid danger and had no choice but to use force. For purposes of self-defense, a duty to retreat extends to the driveway of one's own home. Cleveland v. Hill (1989), 63 Ohio App.3d 194, 199.
The evidence suggests that appellant never attempted to retreat or avoid any confrontation, but responded to Thompson's comments by viciously lashing out and beating Thompson. The record reflects that appellant took great delight in his efforts as he continued to mercilessly pummel Thompson even after any possible threat of harm to himself had long been eliminated. But for the intervention of neighbors, appellant might well have made good on his expressed desire to "finish off" Thompson.
A court of appeals may not reverse a trial court's judgment on the basis that a jury verdict is against the manifest weight of the evidence unless it unanimously disagrees with the fact finder's resolution of any conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380, 389. Furthermore, an appellate court, in weighing the evidence and all reasonable inferences as well as considering the credibility of witnesses, must determine whether, in resolving conflicts of the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Id. at 387.
Upon due consideration of the record, we find that the jury did not clearly lose its way and create such a manifest miscarriage of justice that appellant's felonious assault conviction must be reversed. There is ample evidence to support the jury's finding that appellant did not act in self-defense, but rather assaulted his neighbor without provocation or reason.
Accordingly, appellant's conviction is not against the manifest weight of the evidence and the assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.