Defendant-appellant, Rebecca J. Burton, appeals her conviction in the Brown County Court for assault. We affirm.
Appellant and her boyfriend, Forrest Varney, used to live next door to the victim, Sandra J. Varney, and her husband, Fred Varney, Jr. Although they no longer lived there, appellant and Forrest Varney kept three rottweilers at their former residence. Forrest and Fred Varney are brothers.
On September 29, 1997, appellant and Forrest Varney went to their former residence to feed their dogs. An argument ensued between the brothers, during which Forrest Varney picked up a bumper jack and hit Fred Varney on the side of the head, knocking him unconscious. Appellant and Forrest Varney then left in their car. Sandra Varney, who had witnessed Forrest Varney hit his brother from her house, went in the house and called 911. Shortly thereafter, appellant and Forrest Varney came back to help Fred Varney. Appellant testified Forrest Varney was upset because he thought he had killed his brother. Thereafter, Sandra Varney came back outside and saw Forrest Varney sitting on top of her husband. Sandra Varney testified she thought Forrest Varney was choking her husband.
Appellant and Sandra Varney disagree as to what happened next. Sandra Varney testified that she approached Forrest Varney from behind with an eighteen to twenty-four inch long, one inch square wooden board used for kindling she had picked up in the yard and asked him to get off her husband. Sandra Varney testified she picked up the board to defend herself against Forrest Varney and to get him off her husband. Sandra Varney further testified that as she was approaching Forrest Varney, she never said anything to appellant, nor did she threaten appellant with the board.
Forrest Varney turned around, looked at Sandra Varney, and laughed. According to Sandra Varney, at about the same time Forrest Varney was also saying "hit her, hit her." Sandra Varney testified that at that point, appellant grabbed her from behind by the hair, threw her to the ground with her face in the gravel, and hit her on the head several times. Sandra Varney testified that when appellant threw her to the ground, the board "flew one way." Appellant did not let go of Sandra Varney until appellant and Forrest Varney left.
Appellant testified she saw Sandra Varney approaching Forrest Varney from behind with the wooden board raised up to hit him. At that point, appellant stepped in and told Sandra Varney not to hit him. According to appellant, Sandra Varney then swung the board at appellant and hit her twice before appellant took the board away. Appellant then grabbed Sandra Varney by the hair and pulled her down to the ground whereupon Sandra Varney bit appellant on her leg. Appellant testified that she "[t]hen hit her in the face and then Forrest told me to get up and that's when we left."
Appellant was charged the next day with assault in violation of R.C. 2903.13(A).[1] On October 3, 1997, appellant pled not guilty. The case was tried to the bench on March 2, 1998. By entry filed the same day, appellant was found guilty as charged. This appeal followed.
In her sole assignment of error, appellant argues that her conviction was against the manifest weight of the evidence. Specifically, appellant argues that her conviction must be reversed because she proved by a preponderance of the evidence that she acted in self-defense.
Self-defense is an exception to the rule that a person must generally avoid using force to injure another. State v. Napier (1995), 105 Ohio App.3d 713, 721, appeal dismissed (1996),74 Ohio St.3d 1498. To establish self-defense, a defendant must show that (1) he was not at fault in creating the violent situation; (2) he had a bona fide belief he was in imminent danger of death or great bodily harm and his only means of escape was the use of force; and (3) he did not violate any duty to retreat or avoid the danger. State v. Thomas (1997), 77 Ohio St.3d 323, 326. "If the defendant fails to prove any one of these elements by a preponderance of the evidence[,] he has failed to demonstrate that he acted in selfdefense." (Emphasis sic.) State v. Williford (1990), 49 Ohio St.3d 247, 249.
When a defendant asserts self-defense, he does not seek to negate any element of the offense. State v. Grubb (1996),111 Ohio App.3d 277, 282. Self-defense is not a denial of the evidence offered by the state to prove the essential elements of the charged crime. Id. Rather, an assertion of self-defense is an admission of the prohibited conduct, coupled with a claim that the surrounding facts or circumstances exempt the defendant from liability and provide justification for the admitted conduct. Id.
Even if we accept appellant's contentions that she was not at fault in creating the violent situation and that she possessed a bona fide belief that she was in imminent danger of death or great bodily harm, the question still remains whether appellant violated a duty to retreat or avoid the danger and had no other means of escape but to use force.
The evidence indicates that appellant never attempted to retreat or avoid any confrontation. Nor does the evidence indicate that appellant had no other means of escape but to use force. The record shows that once Sandra Varney no longer had the board, either because it "flew" or was taken away by appellant, appellant was on the ground on top of Sandra Varney hitting her on the head until appellant and Forrest Varney left.
A court of appeals may not reverse a trial court's judgment on the basis that the conviction is against the manifest weight of the evidence unless it disagrees with the fact finder's resolution of any conflicting evidence. State v. Thompkins (1997), 78 Ohio St.3d 380, 389. Furthermore, an appellate court, in weighing the evidence and all reasonable inferences as well as considering the credibility of witnesses, must determine whether, in resolving evidentiary conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. Id. at 387.
After thoroughly reviewing the entire record, we find that appellant's assault conviction is not against the manifest weight of the evidence as competent and credible evidence supports the trial court's finding that appellant did not act in self-defense but rather assaulted Sandra Varney in violation of R.C.2903.13(A). Appellant's sole assignment of error is accordingly overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] R.C. 2903.13(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."