Being unable to agree with the majority, I respectfully dissent. During direct-examination, appellant testified as to a prior felony conviction, his parolee status, the fact that he never tested positive for drugs since his release from prison, and that he had never been involved in drugs:
 Q. OKAY. AND WERE YOU RELEASED EARLY FROM THE INCARCERATION?
A. I WAS RELEASED MY FIRST TIME UP, YES.
Q. AND WERE YOU PUT ON PAROLE?
 A. YES, I WAS, FOR 12 MONTHS, OR HOWEVER LONG IT TOOK ME TO COMPLETE IT, BUT 12 MONTHS WAS THE MINIMUM.
 Q. AND WHAT WERE YOU REQUIRED TO DO WHEN YOU WERE RELEASED ON PAROLE?
 A. TAKE RANDOM URINE TESTS, EITHER OBTAIN A JOB OR GO TO SCHOOL, OR BOTH. AND NO, I WASN'T ALLOWED TO MESS WITH DRUGS OR ALCOHOL OR BE AROUND ANY CONVICTED FELONS OR ANTHING LIKE THAT.
Q. NOW, AS A RESULT OF THAT, WERE YOU DRUG TESTED?
A. YES, SIR, AROUND 15 TIMES.
Q. DID YOU EVER TEST DIRTY FOR DRUGS?
A. NO, SIR.
Q. HAVE YOU EVER BEEN INVOLVED WITH DRUGS?
A. NO, SIR.
On cross-examination, the prosecution revisited appellant's denial that he had ever been involved in drugs and, in so doing, specifically asked appellant about his arrest on loitering for drugs in 1992:
 Q. MR. SMITH ASKED YOU QUOTE, HAVE YOU EVER BEEN INVOLVED WITH DRUGS, AND YOUR RESPONSE WAS NO, SIR.
REMEMBER THAT?
A. YES, SIR.
Q. YOU KEEP WITH THAT STATEMENT, WITH THAT ANSWER?
A. YES, SIR.
MR. MELLMAN: MAY WE APPROACH?
THE COURT: YES.
 THEREUPON, COURT AND COUNSEL CONFER AT THE BENCH OUT OF THE HEARING OF THE JURY AND COURT REPORTER.
BY MR. MELLMAN:
Q. MR. WESTBROOK
A. YES.
 Q. YOU WERE ARRESTED FOR LOITERING FOR DRUG OFFENSE IN 1992; IS THAT CORRECT?
 A. YES, LOITERING FOR DRUG TRAFFICKING AND DRUG ABUSE. BUT I WAS NEVER FOUND WITH ANY DRUGS OR ANYTHING ON ME OR AROUND ME OR ANYTHING.
 MR. SMITH: I WOULD ASK TO NOTE FOR THE RECORD THAT WAS NOT A CONVICTION. IT IS A MISDEMEANOR.
 THE COURT: YOU WILL HAVE AN OPPORTUNITY, MR. SMITH. [Tr. 159-160.]
During closing arguments, the prosecution, over objection, again reminded the jury that appellant had denied any involvement in drugs but that he had been arrested on loitering for drugs.
Appellant contends that the trial court erred by allowing the prosecution to cross-examine appellant by inquiring into appellant's 1992 arrest on loitering for drugs and that the prosecution engaged in misconduct by referring to the prior arrest during closing arguments. Specifically, appellant contends that, since the 1992 arrest resulted in no conviction, allowing the prosecution to refer to the arrest violated Evid.R. 608 and 609. Appellant also relies on the pre-rules cases of Wagner v. State (1926), 115 Ohio St. 136, and State v. Burson (1974),38 Ohio St.2d 157, for the proposition that a defendant who takes the witness stand and testifies in his own defense cannot be impeached with evidence of a prior arrest.
Under Evid.R. 609, evidence of certain prior convictions (i.e., felonies and other crimes involving dishonesty) may be used to attack the credibility of a witness, including a criminal defendant subject to various limitations. Otherwise, specific instances of conduct of a witness that have not resulted in a conviction may be inquired into on cross-examination at the trial court's discretion only if the conduct is clearly probative of untruthfulness. Evid.R. 608(B); see State v. Boggs (1992), 63 Ohio St.3d 418, 421. Moreover, pursuant to Evid.R. 404(B), evidence of other crimes, wrongs or acts occurring prior to, or subsequent to, and independent of, the acts for which a defendant is on trial is generally not admissible to show the defendant's character or propensity for crime.
Thus, references to a defendant's prior arrest (especially as in this case where the arrest is for a crime not clearly probative of appellant's truthfulness) is generally prohibited and may not be used for general impeachment of the accused. State v. Jones (1992), 83 Ohio App.3d 723,737 citing State v. Hector (1969), 19 Ohio St.2d 167. The general rule, however, does not apply in this case because the prosecution's cross-examination of appellant was proper rebuttal to appellant's own character testimony.
Evid.R. 404(A) provides in relevant part:
 (A) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:
 (1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable. [Emphasis added.]
Pursuant to Evid.R. 404(A), an accused may offer evidence, including his own testimony, of his good character or a pertinent trait in order to demonstrate that he acted in conformity with this good character and did not commit the crime alleged. State v. Grubb (1996), 111 Ohio App.3d 277,280. In so doing, the accused attempts to demonstrate a general propensity that is incompatible with the crime charged. Id. However, after the accused has introduced such evidence, and thereby put his character in issue, the prosecution may then offer in rebuttal evidence attacking the character of the accused. Id. Moreover, once the defendant has placed his character in issue, cross-examination into relevant specific instances of conduct relevant to such character is specifically allowed under Evid.R. 405(A).
For example, in the analogous case of State v. Robinson (1994),98 Ohio App.3d 560, the defendant alleged that the trial court erred in allowing the prosecution to cross-examine the defendant about his prior juvenile delinquency adjudication and his gang involvement. While recognizing that such inquiry would generally be prohibited by Evid.R. 404(B) and 609, the court of appeals found that the cross-examination was not improper given that the appellant testified on direct about his peaceful character and alleged membership in a nonviolent branch of a gang. Id. at 570. Likewise, in State v. Myers (Sept. 30, 1999), Franklin App. No. 98AP-1448, unreported, this court held that the trial court acted within its discretion under Evid.R. 404(A)(1) and 405(B) when it allowed the prosecution to inquire on cross-examination about the defendant's allegedly harmful actions against his wife to rebut defendant's assertion on direct examination that he would not harm anyone. See, also, State v. Gest (1995), 108 Ohio App.3d 248, 258 (prosecution could cross-examine defendant about prior arrests to rebut defendant's testimony that he had never been arrested for anything other than the offenses herein).
The same analysis applies in this case. On direct examination, appellant offered evidence of his own good character as to his past involvement in drugs. Specifically, appellant testified that he had been repeatedly tested for drugs since his release on parole and that he never tested positive. Appellant also specifically denied that he had ever been involved with drugs. By this testimony, appellant attempted to portray himself as one who would have little interest in drugs and/or have little reason to be at his father's house other than for the personal reasons identified elsewhere in his testimony.
However, in so testifying, appellant placed his character and background (at least as to drug involvement) at issue. As such, the prosecution's inquiry during cross-examination into appellant's prior arrest for loitering for drugs was proper rebuttal for purposes of testing the credibility of appellant's assertions. While the trial court may have been free to prevent such inquiry under Evid.R. 403, the trial court was not required to do so, and nothing in the cases cited by appellant suggests otherwise.
Accordingly, I would overrule appellant's assignment of error and affirm the judgment of the trial court.