OPINION *Page 2 
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Defendant-Appellant, James Williams, appeals the decision of the Struthers Municipal Court, Mahoning County, Ohio that found Williams guilty of assault after a bench trial. On appeal, Williams argues that his conviction is against the manifest weight of the evidence because the evidence all shows that he acted in self-defense.
 {¶ 2} After hearing the evidence, the trial court found that Williams had proven that part of the force he used to repel a perceived threat was in self-defense, but that further force was not. However, Williams was entitled to use reasonable force to defend himself and there is no evidence in the record indicating how the trial court concluded that the amount of force Williams used was grossly disproportionate to the threat he faced. Accordingly, the decision of the trial court is against the manifest weight of the evidence. This case is reversed, appellant's conviction is vacated and appellant is discharged.
 Facts {¶ 3} On the night of September 29, 2006, Williams was working with Carl Kane and both of them were being supervised by Kenneth Bigley. Williams thought Kane was not doing his share of the work and that Bigley was being forced to do Kane's work. Williams confronted Kane about this, and both Williams and Bigley testified that Kane then reached for a metal tie bar and called Williams a "nigger." Kane denied both of these allegations. Bigley testified that he moved toward Kane to physically prevent Kane from striking Williams, but that Williams struck Kane before Bigley could reach Kane. All three witnesses agreed that Williams punched Kane three times, which caused Kane to fall to the ground. After Kane fell to the ground, Williams walked away without using any additional force.
 {¶ 4} Williams was charged with one count of assault for causing physical harm to Kane. The case proceeded to a bench trial where Williams argued that his use of force was in self-defense. At the conclusion of the trial, the trial court concluded that Williams' first punch had been thrown in self-defense, but that the other two punches were *Page 3 
excessive and, therefore, not in self-defense. The trial court found Williams guilty of the charged offense and sentenced him accordingly.
 {¶ 5} On appeal, rather than providing this court with a transcript of the trial proceedings, Williams provided this court with an approved statement of evidence pursuant to App. R. 9(C). This was done because the audio recording of the trial was inaudible and the court reporter was therefore unable to prepare a transcript of the proceedings.
 Manifest Weight {¶ 6} In his sole assignment of error, Williams argues:
 {¶ 7} "The Defendant/Appellant's conviction is against the manifest weight of the evidence."
 {¶ 8} When determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-0052, 678 N.E.2d 541. "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. * * * Weight is not a question of mathematics, but depends on its effect in inducing belief." Id. at 175.
 {¶ 9} The test a reviewing court follows is that it sits as a "thirteenth juror" and determines whether, considering all the evidence, the State met its burden of persuasion and the conclusion reached by the trier of facts is supported by the inclination of the greater amount of the evidence. State v. Fullerman, 7th Dist. No. 99CA314, 2001-Ohio-3969 at 4, citing Thompkins, supra. When making a decision on manifest weight of the evidence, the appellate court is not required to view the evidence in a light most favorable to the prosecution, but may consider all of the evidence produced at trial. Thompkins at 390. This discretion to grant a new trial, however, should only be exercised in an exceptional case in which the evidence weighs heavily against the conviction. Id. at 387. *Page 4 
 {¶ 10} As an initial matter, we note that, contrary to Williams' assertions, a unanimous concurrence of all three appellate judges is not required to reverse Williams' conviction as against the manifest weight of the evidence. Id. at 389. Unanimous panels are only required to reverse a conviction from a trial by jury. Id. This case was tried to the trial court, not to a jury. Therefore, a simple majority of the judges on this panel could reverse Williams' conviction as being against the manifest weight of the evidence. Id.
 {¶ 11} Turning to the merits of the appeal, Williams does not challenge the trial court's conclusion that he assaulted Kane. Instead, he argues that the trial court erred by not finding that he committed the assault in self-defense.
 {¶ 12} Self-defense is an affirmative defense in Ohio. State v.Jackson (1986), 22 Ohio St.3d 281, 283, 22 OBR 452, 490 N.E.2d 893. Self-defense is not merely a denial or contradiction of evidence offered by the state to prove the essential elements of the crime charged, but rather is the admission of prohibited conduct coupled with claims that surrounding facts or circumstances justify the conduct. State v.Grubb (1996), 111 Ohio App.3d 277, 282, 675 N.E.2d 1353. The burden of going forward rests entirely upon Williams, and the affirmative defense must be proven by a preponderance of the evidence. R.C. 2901.05;Jackson, 22 Ohio St.3d 281.
 {¶ 13} The elements of self-defense differ based upon the level of force used, i.e., the use of deadly force in self-defense triggers different elements than the use of non-deadly force. In State v.Robbins (1979), 58 Ohio St.2d 74, at paragraph two of the syllabus, the defendant's act of killing the victim by stabbing him with a knife was deemed "deadly force" whereas in State v. Morris, 7th Dist. No. 03MO12,2004-Ohio-6810, at ¶ 21, the defendant's act of punching the victim in the face repeatedly was deemed "non-deadly" force.
 {¶ 14} In this case, it is clear that Williams used non-deadly force. He punched Kane three times in the face, causing Kane some bruising. By comparison, in Morris, we applied the non-deadly force elements where the defendant utilized a greater amount of force than Williams did. Id. In Morris, the defendant punched the victim in the face seven to twelve times, leaving the victim sightless in one eye for over a month. *Page 5 
 {¶ 15} "[T]he elements of self-defense where the defendant is only alleged to have used non-deadly force are: (1) the defendant was not at fault in creating the situation giving rise to the affray, and (2) the defendant (even if mistaken) had a bona fide belief (which means a belief that was both objectively reasonable and subjectively honest) that he was in imminent danger of any bodily harm (whether it be deadly or non-deadly)." Id. at ¶ 21.
 {¶ 16} A defendant who only used non-deadly force to defend himself need not fear death or great bodily harm in order to use non-deadly force in self-defense. In re Morton, 7th Dist. No. 01BA29, 2002-Ohio-2648, at ¶ 23. In such a case, the defense still applies if the force used was reasonable under all the circumstances to protect oneself. Id. Further, unlike in deadly force cases, there is no duty to retreat before using non-deadly force in self-defense. Id. at ¶ 25.
 {¶ 17} And although Morris does not address this issue, both this and other courts have also stated that a criminal defendant must prove that the force he used to defend himself was commensurate with the threatened danger before he can claim self-defense in a non-deadly force case. SeeChillicothe v. Knight (1992), 75 Ohio App.3d 544, 550, 599 N.E.2d 871
("To establish self-defense in a nondeadly-force case, one may use such force as the circumstances require in order to defend against danger which one has good reason to apprehend."); Martin v. Central OhioTransit Auth. (1990), 70 Ohio App.3d 83, 93, 590 N.E.2d 411 ("The force used to defend must be objectively necessary and reasonable under the facts and circumstances of the case and in view of the danger apprehended."); State v. Depew, 4th Dist. No. 00CA2562, 2002-Ohio-6158, at ¶ 28 ("[O]ne may use such force as the circumstances require to protect oneself against such danger as one has good reason to apprehend."); In re Morton, 7th Dist. No. 01-BA-29, 2002-Ohio-2648, at ¶ 22, quoting State v. Weston (July 16, 1999), 4th Dist. No. 97CA31 ("Self-defense is not available, `if the force is so grossly disproportionate to her apparent danger as to show revenge or an evil purpose to injure her assailant.'").
 {¶ 18} In this case, the trial court found that the first punch thrown by Williams was in self-defense, but that the subsequent two punches were not in self-defense. In other *Page 6 
words, the trial court found that the second and third punches were unreasonably excessive. As a result, the court found Williams guilty of assault.
 {¶ 19} Upon review, we find this decision to be against the manifest weight of the evidence. Admittedly, we have been unable to find a case where an Ohio appellate court reversed a conviction because the trier of fact improperly found the force used by the defendant was so grossly disproportionate to his apparent danger that he was not entitled to an acquittal based on self-defense. However, there are a variety of cases where appellate courts have noted that defendants were not entitled to claim self-defense because of the excessive force the defendant used to defend him or herself. Williams' actions in this case simply do not compare to the actions of the defendants in those cases.
 {¶ 20} For example, in State v. Damron, 4th Dist. No. 06CA2903,2007-Ohio-1187, at ¶ 11, the Fourth District noted that the force used by the defendant was excessive since he kicked the victim in the head while the victim lay on the ground unconscious. Likewise, the force used by the defendant in State v. Hunter, 8th Dist. No. 86048, 2006-Ohio-0020, was excessive since she stabbed and cut the victim with a knife twenty-two times and only suffered a scrape on her knee. Finally, the Eighth District held that a jury could find that a defendant used excessive force when he beat the victim on the head with a hammer because the very drunk victim was chasing him with a knife.State v. Chaney, 8th Dist. No. 81348, 2003-Ohio-1161, at ¶ 25-26.
 {¶ 21} In this case, three different witnesses testified about the incident between Williams and Kane. Kane testified that Williams punched him three times and that Kane then fell to the floor. According to Kane, Williams walked away after Kane fell to the ground. Kenneth Bigley, the shift supervisor on duty that night, testified that Williams struck Kane and that Kane fell to the ground. Bigley also testified that Williams did not kick or strike Kane after Kane fell to the ground. Finally, Williams testified that he punched Kane three times in quick succession and that he walked away after Kane fell to the ground. Thus, all the witnesses agreed that Williams punched Kane three times before Kane fell to the ground and that Williams stopped once Kane fell. *Page 7 
 {¶ 22} It is difficult for us to imagine how the trial court could have found that Williams used a "grossly disproportionate" or "excessive" amount of force in this situation. In this case, Williams was threatened with a reasonably serious amount of force. Kane was holding a metal tie bar in such a manner that Bigley and Williams both thought Kane would strike Williams with the metal bar. Being hit with such a weapon could seriously injure a person. When faced with this threat, Williams responded by punching Kane three times until Kane fell to the ground, at which time Williams stopped and then walked away without using any further force.
 {¶ 23} The State argues that Williams was both at fault in creating the affray and that he did not have a bona fide belief that he was in imminent danger of some sort of bodily harm when he assaulted Kane. However, these arguments directly contradict the trial court's finding that Williams was acting in self-defense when he threw his first punch. If Williams was acting in self-defense at that time, then the trial court must have found that Williams was not at fault in causing the affray and that he had a bona fide belief that he was in imminent danger of some sort of bodily harm.
 {¶ 24} A trial court is not required to issue findings of fact in a criminal case tried without a jury. Crim. R. 23(C); Cleveland Hts. V.Watson, 8th Dist. No. 85344, 2005-Ohio-3595, at ¶ 15; State v.Baker, 3d Dist. No. 6-03-11, 2004-Ohio-2061, at ¶ 16; State v.Lantz, 5th Dist. No. 01 CA 38, 2002-Ohio-3838, at ¶ 31. However, there is no rule preventing this court from considering the trial court's specific factual findings when reviewing a conviction to see whether it is against the manifest weight of the evidence. Thus, it is reasonable for us to accept the trial court's conclusion that Williams was acting in self-defense when he first punched Kane, and that Williams was therefore not at fault in creating the affray, and did have a bona fide belief that he was in imminent danger of bodily harm.
 {¶ 25} Given the above, we conclude that Williams' conviction is against the manifest weight of the evidence. The trial court's only basis for not reaching this conclusion itself is that it was unnecessary for Williams to punch Kane three times. However, the standard is not whether the force used by the defendant is necessary; it is *Page 8 
whether the use of that force is reasonable. Morris, at ¶ 22; see also,Martin, 70 Ohio App.3d at 93. Based on the facts in this case, it was reasonable for Williams to punch Kane three times.
 {¶ 26} Thus, Williams' sole assignment of error is meritorious. Accordingly, the judgment of the trial court is reversed, Williams' conviction is vacated and Williams is hereby discharged.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1