THE STATE OF OHIO, APPELLEE, *v.* HEWITT, APPELLANT.

(No. 17-84-1—Decided August 1, 1985.)

*Michael Boller,* prosecuting attorney, and *James F. Stevenson,* for appellee.

*William R. Zimmerman,* county public defender, for appellant.

GUERNSEY, P.J. This is an appeal of a judgment of the Court of Common Pleas of Shelby County entered on a jury verdict finding the defendant guilty of one count of trafficking in marihuana (R.C. 2925.03[A][1]).

The defendant assigns error in that conviction in two particulars. His first assignment of error claims prejudicial error of the trial court in allowing the state to introduce impeachment evi-

dence during the state's rebuttal rather than during its cross-examination of the defendant.

The defendant was the sole witness testifying in his behalf. During his testimony he admitted to twice being involved in criminal activity. He admitted to once being charged with aiding and abetting and having been convicted of theft. The defendant then testified to the events that led to and caused his arrest for trafficking.

During the prosecution's cross-examination of the defendant he denied having any other felony convictions than those he mentioned on direct. The prosecutor then specifically asked him whether he had been convicted of three counts of complicity to offering a forged check. This, he denied. The prosecutor then asked him whether he had also been convicted of one count of receiving stolen property. Again the defendant registered a denial. After the defendant rested his case the prosecutor stated to the court that he would offer rebuttal evidence in the form of photocopies of the convictions he mentioned during cross-examination.

Prior to the state's offering its rebuttal evidence, defense counsel made a motion to the trial court to prohibit its introduction on the ground that per Evid. R. 609(A), the proper time for offering impeachment evidence had passed. This motion was overruled.

Evid. R. 609(A), modeled after its federal rule counterpart, provides:

"For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination * * *."

There are no cases which we know of, or that have been brought to our attention, construing whether the type of impeachment evidence in the case *sub judice* is to be offered only during cross-examination of a witness or whether the evidence can be offered during opposing party's rebuttal.

We initially point out that the word "shall" contained in the rule, even if construed in its usual sense, mandates the *admission* of evidence of prior convictions in the circumstances set forth in the rule, but does not purport to prohibit the admission of impeaching evidence otherwise elicited.

If a defendant in a criminal case is the witness to which the rule is to be applied, his admissions as to previous convictions can only be elicited during his cross-examination. See 44 Ohio Jurisprudence 3d (1983) 315, Evidence and Witnesses, Section 914. Moreover, his impeachment by denial of previous convictions, constituting the foundation for the introduction of impeaching evidence, traditionally occurs during his cross-examination. Impeaching evidence of previous convictions established by public record can be proved by testimonial evidence as well as by production of a self-authenticating certified copy of the journal entry of conviction. In all events, proof of the identity of the defendant with the person named in the previous judgment of conviction is almost always accomplished by testimonial evidence. It is impossible for the state to produce testimonial evidence of others as part of the cross-examination of the defendant, so such testimonial evidence, by its nature must be deferred for production during the state's rebuttal case. As the impeachment process in a criminal case by reason of previous conviction might well extend beyond the literal cross-examination of the defendant witness, it cannot be said that the rule intended the introduction of such impeaching evidence only during that time frame. To the extent that its provisions may appear otherwise we hold such provisions directory rather than

mandatory in the circumstances here involved.

Accordingly, we find that the trial court did not commit error in admitting the evidence herein referred to and find the first assignment of error to be without merit.

In his second assignment of error the defendant alleges prejudicial error of the trial court in permitting admission into evidence by the state of a computer-printed criminal record of the defendant communicated from the State Bureau of Criminal Identification. He asserts that the computer printouts are notoriously full of hearsay as well as contain incorrect information.

As we have previously observed, during rebuttal the state offered into evidence certified copies of journal entries refuting defendant's denial of prior convictions of grand theft and complicity and uttering. The computer printout spoke of the same convictions.

Thus, the computer printout, on its face, merely duplicated the proof of convictions shown by journal entries of judgment, which we have determined to be admissible. Even if admission of the printout was objectionable, it could not have been prejudicial in the circumstances here appearing. Therefore, we find the second assignment of error without merit.

Having found no error of the trial court prejudicial to the defendant in the particulars assigned and argued the judgment must be affirmed.

*Judgment affirmed.*

COLE and MILLER, JJ., concur.