DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallia County Common Pleas Court judgment of conviction and sentence. The jury found Cherise Jacobs, defendant below and appellant herein, guilty of felonious assault, in violation of R.C. 2903.11(A)(2).
 {¶ 2} Appellant raises the following assignments of error:
 {¶ 3} FIRST ASSIGNMENT OF ERROR:
 {¶ 4} "The trial judge committed error prejudicial to the defendant/appellant when he allowed the prosecuting attorney to bring up, on cross examination of defendant/appellant, her multiple misdemeanor convictions from the gallipolis municipal court."
 {¶ 5} SECOND ASSIGNMENT OF ERROR:
 {¶ 6} "The trial court committed error prejudicial to defendant/appellant when it overruled defendant/appellant's request for a charge of aggravated assault, a violation of section 2903.12 of the ohio revised code, and a possible lesser included offense."
 {¶ 7} During the late-night hours of July 25, 2003 and into the early morning hours of July 26, 2003, Anthony Logan had been drinking beer with a friend at a bar. They left the bar and came across appellant, who was sitting on a porch. The encounter ended when appellant shot Logan in the chest.
 {¶ 8} On August 26, 2003, the Gallia County Grand Jury returned an indictment charging appellant with felonious assault, in violation of R.C. 2903.11(A)(2). On October 20, 2003 and continuing on October 21, 2003, the court held a jury trial.
 {¶ 9} At trial, appellant and Logan, the victim, offered divergent accounts of the events precipitating the shooting. Logan stated that initially, he and appellant cordially talked. The conversation then turned into an argument when appellant used a racial slur to refer to him. While he was sitting in a chair, appellant walked into the house and returned a few seconds later. When she returned, she promptly shot him.
 {¶ 10} Appellant claimed that much more verbal arguing occurred before she shot Logan. She testified that she and Logan exchanged several "fuck yous" and "bitches" and that she kept telling him to leave. She explained that she reached into her purse to grab her gun because she thought Logan was going to hit her. She stated that because she has been physically abused in the past, she was afraid that Logan would hit her. She testified that she has filed several domestic violence complaints against the father of her children.
 {¶ 11} On cross-examination and over appellant's objection, the court permitted the prosecutor to ask appellant whether she had any domestic violence, assault, or criminal damaging convictions. She admitted that she did.
 {¶ 12} At the close of the evidence, appellant requested an aggravated assault instruction. The trial court did not find evidence of sufficient provocation to warrant the instruction. Appellant did not object before the jury retired.
 {¶ 13} On October 21, 2003, the jury found appellant guilty, and on November 10, 2003, the trial court sentenced appellant to five years imprisonment. Appellant filed a timely notice of appeal.
 I {¶ 14} In her first assignment of error, appellant argues that the trial court erroneously permitted the prosecutor to question her regarding prior misdemeanor convictions.
 {¶ 15} Appellee asserts that appellant opened the door to such questioning after she attempted to paint "herself as a helpless innocent person" by testifying to the abuse she suffered and to the number of charges she filed against the father of her children.
 {¶ 16} The decision to admit or exclude relevant evidence is within the sound discretion of the trial court. State v. Bey (1999),85 Ohio St.3d 487, 490, 709 N.E.2d 484. Thus, the trial court's decision to admit or exclude relevant evidence cannot be reversed absent an abuse of that discretion. See, e.g., State v. Combs (1991), 62 Ohio St.3d 278,581 N.E.2d 1071; State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343;State v. Rooker (Apr. 15, 1993), Pike App. No. 483. The term "abuse of discretion" implies more than an error of law or judgment. Rather, the term suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. See, e.g., State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715; State v. Montgomery (1991),61 Ohio St.3d 410, 575 N.E.2d 167. Furthermore, when applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1
(1991), 57 Ohio St.3d 135, 566 N.E.2d 1181 (citing Berk v. Matthews
(1990), 53 Ohio St.3d 161, 359 N.E.2d 1301).
 {¶ 17} While the Rules of Evidence generally prohibit the use of character evidence to show that an accused has the propensity to commit the crime with which he stands charged, see State v. Thompson (1981),66 Ohio St.2d 496, 497, 422 N.E.2d 855, 856; State v. Grubb (1996),111 Ohio App.3d 277, 675 N.E.2d 1353, it is well-established that once an accused puts evidence of a pertinent character trait in issue, the prosecution may offer evidence to rebut the accused's character evidence. See Evid.R. 404(A)(1); see, generally, State v. Finnerty (1989),43 Ohio St.3d 104, 108, 543 N.E.2d 1233; State v. Rahman (1986),23 Ohio St.3d 146, 153, 492, N.E.2d 401.
 {¶ 18} Evid.R. 404(A)(1) provides:
 {¶ 19} Evidence of a pertinent trait of [the accused's] character offered by an accused, or by the prosecution to rebut the same is admissible; however in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.
 {¶ 20} Thus, Evid.R. 404(A)(1) permits a criminal defendant to choose to "offer evidence of his good character as proof that he did not commit the act charged because such conduct is not in accord with his character." Gianelli and Snyder, Evidence (1996), 229. "If the accused offers evidence of his good character," however, "the prosecution [may] offer evidence of the bad character of the accused." Id. By introducing such evidence, the defendant "opens the door" for the prosecution, which is then permitted to rebut or impeach the character evidence on cross-examination. Evid.R. 405(A). Grubb, supra.
 {¶ 21} In the case at bar, appellant testified that she had been the victim of physical abuse on several occasions, dating back to when she was a "little girl." She thus painted herself as a victim who is afraid of physical violence. To rebut the implication, the prosecution presented evidence to show that appellant does not possess the character trait of a helpless victim.
 {¶ 22} Moreover, to the extent that appellant argues that Evid.R. 609(A) prohibited the evidence, we note that other courts have rejected the argument that Evid.R. 609(A)[1] prohibits rebuttal evidence of an accused's character. See, generally, State v. Hewitt (1985),26 Ohio App.3d 72, 498 N.E.2d 215 (stating that no error occurred when the trial court permitted the state to offer evidence of the defendant's prior convictions for purposes of attacking his credibility during the state's rebuttal as opposed to on cross-examination); Grubb, supra.
 {¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 24} In her second assignment of error, appellant contends that the trial court erred by overruling her request for an aggravated assault jury instruction. She claims that her past exposure to physical abuse heightened her fear on the night of the shooting and constituted sufficient provocation. We do not agree.
 {¶ 25} Initially, we note that appellant did not object to the trial court's instructions before the jury retired. The failure to object to a jury instruction before the jury retires in accordance with Crim.R. 30(A) constitutes a waiver, absent plain error. See, e.g., State v. Underwood
(1983), 3 Ohio St.3d 12, 444 N.E.2d 1332, syllabus; State v. Williford
(1990), 49 Ohio St.3d 247, 251, 551 N.E.2d 1279. The record in the case at bar does not demonstrate plain error.
 {¶ 26} Generally, a trial court has broad discretion in deciding how to fashion jury instructions. The trial court must not, however, fail to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder." State v. Comen (1990), 50 Ohio St.3d 206,553 N.E.2d 640, paragraph two of the syllabus. Additionally, a trial court may not omit a requested instruction, if such instruction is "`a correct, pertinent statement of the law and [is] appropriate to the facts * * *.'" State v. Lessin (1993), 67 Ohio St.3d 487, 493, 620 N.E.2d 72
(quoting State v. Nelson (1973), 36 Ohio St.2d 79, 303 N.E.2d 865, paragraph one of the syllabus).
 {¶ 27} In determining whether to give a requested instruction, a trial court may inquire into the sufficiency of the evidence to support the requested instruction. See id. at 494. A trial court is vested with discretion to determine whether sufficient evidence was presented at trial to require a particular jury instruction. State v. Mitts (1998),81 Ohio St.3d 223, 228, 690 N.E.2d 522. If, however, the evidence does not warrant an instruction or if an instruction is not appropriate in light of the crime charged, the trial court is not obligated to give the instruction. See Lessin, 67 Ohio St.3d at 494. Thus, in our review we must determine whether the trial court abused its discretion by finding that the evidence was insufficient to support the requested charge or that the requested instruction was not pertinent to the crime charged. See Mitts; State v. Wolons (1989), 44 Ohio St.3d 64, 541 N.E.2d 443, paragraph two of the syllabus; see, also, State v. Elijah (July 14, 2000), Montgomery App. No. 18034. We note that in general, an abuse of discretion may be found if the trial court's attitude was unreasonable, arbitrary or unconscionable. See, e.g., State v. Montgomery (1991),61 Ohio St.3d 410, 413, 575 N.E.2d 167.
 {¶ 28} In a felonious assault trial, a trial court must instruct the jury on aggravated assault when sufficient evidence of serious provocation exists.[2] State v. Mack (1998), 82 Ohio St.3d 198, 200,694 N.E.2d 1328; see, also, State v. Deem (1988), 40 Ohio St.3d 205,533 N.E.2d 294, paragraph four of the syllabus). To determine whether sufficient evidence of serious provocation exists, a trial court must employ a two-part inquiry. First, the court must objectively determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage. Mack, 82 Ohio St.3d at 201. "`If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case `actually was under the influence of sudden passion or in a sudden fit of rage.'" Id. (quoting Shane, 63 Ohio St.3d at 634-45).
 {¶ 29} In examining whether the provocation is reasonably sufficient to bring on a sudden passion or fit of rage, the Ohio Supreme Court has provided the following guidance: "`Provocation, to be serious, must be reasonably sufficient to bring on extreme stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force.'" Id. at 200 (quoting Deem, paragraph five of the syllabus). "[T]he provocation must be `sufficient to arouse the passions of an ordinary person beyond the power of his or her control.'" Id. (quoting Shane, 63 Ohio St.3d at 634-45).
 {¶ 30} Generally, neither words alone nor fear itself will constitute evidence of serious provocation. See id. ("[W]ords alone will not constitute reasonably sufficient provocation to incite the use of deadly force in most situations"; and "[f]ear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage.").
 {¶ 31} In Deem, the court determined that the provocation was not reasonably sufficient to bring on a sudden passion or fit of rage; thus, an aggravated assault instruction was not warranted. In Deem, the defendant and the victim had been involved in a romantic relationship. The couple subsequently ended their relationship. After a brief attempt to reconcile, each filed criminal charges against the other stemming from different confrontations. One day, the defendant waited in his car at a roadside park for the victim to pass by in her car on her way to work. After she drove by, the defendant followed her in his car, pulled alongside her, and motioned for her to pull to the road side. At some point, the cars bumped and eventually the defendant forced the victim's car off the road and into a ditch. The defendant stopped his car and went to the victim's car to attempt to convince her to open her window. When she refused, the defendant returned to his car, obtained a hammer, returned to the victim's car and smashed the driver's side window. Witness testimony established that the defendant reached through the broken window and stabbed the victim numerous times. The court concluded, as a matter of law, that the stormy relationship between the parties and the victim's alleged bumping of the defendant's car did not constitute sufficient provocation. See, also, State v. Koballa, Cuyahoga App. No. 82013, 2003-Ohio-3535 (concluding that sufficient provocation did not exist when the victim grabbed the defendant by the testicles and the arm); State v. Poe (Oct. 6, 2000), Pike App. No. 00CA9 (concluding that the victim's conduct in approaching the defendant with a hammer and stating "come on" did not constitute sufficient provocation); State v.Pack (June 20, 1994), Pike App. No. 93CA525 ("We find that a mere shove and a swing (which appellant by his own testimony ducked) are insufficient as a matter of law to constitute serious provocation reasonably sufficient to incite or arouse appellant into using deadly force.").
 {¶ 32} In the case at bar, the record fails to show sufficient provocation so as to warrant an aggravated assault instruction. Appellant claims that she was scared, but as the cases have repeatedly recognized, fear alone does not constitute sufficient provocation. See, e.g., Mack,82 Ohio St.3d at 201 ("Fear alone is insufficient to demonstrate the kind of emotional state necessary to constitute sudden passion or fit of rage."). Cf. State v. Maggard (June 4, 1999), Montgomery App. No. 17198 (concluding that evidence did not show that the defendant acted under a sudden fit of passion or rage when the defendant's testimony was simply that he was afraid and that he shot in self-defense).
 {¶ 33} Thus, the trial court did not abuse its discretion by overruling appellant's request to instruct the jury that it could convict appellant of aggravated assault.
 {¶ 34} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] Evid.R. 609 limits impeachment by evidence of conviction of a crime to (1) crimes punishable by death or imprisonment in excess of one year, or (2) crimes involving dishonesty or false statement, regardless of the punishment.
[2] The elements of aggravated assault and felonious assault are identical except that aggravated assault contains the mitigating element of serious provocation. State v. Mack (1998), 82 Ohio St.3d 198, 200,694 N.E.2d 1328. R.C. 2903.11(A)(1) defines felonious assault as: "No person shall knowingly * * * [c]ause serious physical harm to another." R.C. 2903.12(A)(1) sets forth the offense of aggravated assault: "No person, while under the influence of sudden passion or in a fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly * * * [c]ause serious physical harm to another."