OPINION
{¶ 1} Defendant-appellant, John Baker (hereinafter "Baker") appeals the judgment of the Hardin County Court of Common Pleas finding him guilty of one count of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A)(2), one count of Engaging in a Pattern of Corrupt Activity, in violation of R.C. 2923.32 (A)(1), and two counts of Possession of Crack Cocaine, in violation of R.C. 2925.11(A).
 {¶ 2} On May 1, 2002, Baker arrived at the Heritage Manor apartment complex in Kenton, Ohio with Doug Keen ("Keen"). Baker and Keen went to the apartment of Ginger Williams, to whom Keen had previously been married. According to Williams' testimony, Baker and Keen agreed to pay Williams $300.00 so that she could pay her past due electric bill. In exchange, Williams would allow Baker and Keen to distribute crack cocaine from her apartment.
 {¶ 3} On May 3, 2002 the Special Response Team of the Hardin County Sheriff's Department and the Kenton Police Department, acting on a call from another resident of Heritage Manor, went to Williams' apartment and executed a search warrant. Upon executing the warrant, the police found Baker, Keen and Williams in the apartment. The police recovered 31.89 grams of crack cocaine hidden in a doll in the living room of the apartment, a razor blade, a metal pipe believed to be used to smoke crack cocaine, .23 grams of crack cocaine in a plastic container in the kitchen and a box of sandwich bags, also found in the kitchen.
 {¶ 4} Baker was arrested and taken to the Kenton Police Department for booking. During booking, officers recovered six rocks of crack cocaine in the pocket of a coat Baker was wearing, $923 in currency and $19 in quarters.
 {¶ 5} On May 21, 2002 Baker was indicted by the Hardin County Grand Jury on one count of Trafficking in Crack Cocaine, in violation of R.C. 2925.03(A)(2), with specification, in violation of R.C. 2929.14(D)(3)(a) and a felony of the first degree; two counts of Possession of Crack Cocaine, with specification, in violation of R.C. 2925.11(A); and one count of Engaging in a Pattern of Corrupt Activity that included Trafficking in Crack Cocaine, in violation of R.C. 2923.03(A)(1) and Possession of Crack Cocaine, in violation of R.C. 2925.11(A), occurring in a course of criminal conduct commencing in Allen County, Ohio and ending in Hardin County, Ohio from January 9, 2001 to May 3, 2002.
 {¶ 6} Baker submitted a waiver of jury trial and a bench trial was held April 16-17, 2003. On June 16, 2003, the trial court, by judgment entry, found Baker guilty on all four counts of the indictment.
 {¶ 7} On June 23, 2003, the trial court sentenced Baker to the mandatory prison term of ten years on Count 1, Trafficking in Crack Cocaine, and, pursuant to the specification, an additional five years; ten years for Count 2, Possession of Crack Cocaine; five years for Count 3, Engaging in a Pattern of Corrupt Activity; and twelve months for Count 4, Possession of Crack Cocaine. The trial court ordered the sentences to run concurrently, which resulted in an aggregate term of fifteen years in prison.
 {¶ 8} It is from this decision that Baker appeals, asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed an error of law by finding theappellant guilty of an offense for which he was not indicted.
 {¶ 9} Baker was indicted on one count of trafficking in crack cocaine in violation of R.C. 2925.03(A)(2). This subsection provides that no person shall knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or distribute a controlled substance when he knows or has reason to believe that the controlled substance is intended for sale or resale by himself or another person. See R.C. 2925.03(A)(2). Baker, however, contends that the trial court did not find any element of this offense in its judgment entry. Rather, he argues, the trial court only made findings regarding his participation in the sale of crack cocaine to support the guilty verdict. Baker points out that he was not charged with the sale of crack cocaine, a violation of R.C. 2925.03(A)(1) and maintains that since a sale is not an element of the charged offense, the findings by the trial court were insufficient to support a guilty verdict on the trafficking charge in violation of R.C. 2925.03(A)(2).
 {¶ 10} In reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 11} The prohibition against preparing a controlled substance for distribution is contained in R.C. 2925.03(A)(2). Possession of a controlled substance is a requisite element of this offense and the possession must be incident to preparation for shipment, transportation, delivery or distribution of the drug with the knowledge or belief that it is intended for sale or resale. See State v. Roberts (Feb. 9, 1995), Cuyahoga App. No. 66692. The individual who intends to sell or resell may be the one who also prepared the controlled substance for distribution or who distributes it. R.C. 2925.03(A)(2). A conviction for trafficking under R.C. 2925.03(A)(2), therefore, requires the demonstration of some form of the specified trafficking conduct which may be incident to a drug sale. State v. Powell (1993),87 Ohio App.3d 157, 170.
 {¶ 12} In the case sub judice, there is substantial evidence in the record to support the trial court's finding of Baker's guilt as to trafficking in crack cocaine, in violation of R.C.2925.03(A)(2). The state presented evidence that Baker was present at the Heritage Manor apartment complex from May 1, 2002 to May 3, 2002 during which time he stayed in Williams' apartment. Williams testified that a purchaser would come to the apartment. Keen would either take the purchaser upstairs to meet Baker or Keen would go upstairs alone. Keen would then put something in the purchaser's hand and the purchaser would leave. Williams testified that approximately ten people came to Williams' apartment to buy crack cocaine from Keen and Baker from May 1, 2002 to May 3, 2002. Other witnesses corroborated Williams' testimony that Baker sold crack cocaine from Williams' apartment.
 {¶ 13} Williams testified that she, Keen and Baker "got word trouble was on the way" and that Baker hid several large rocks of crack cocaine in a doll in her apartment. Police testified that the crack cocaine was contained in three separate plastic bags that were tied together around the waist of the doll, concealed by the doll's dress. The total weight of the crack cocaine found on the doll was 32 grams, worth approximately $1,500. Williams testified that minutes after Baker hid the crack cocaine in the doll, the police broke down the apartment door.
 {¶ 14} Additional evidence produced at trial included a razor blade and a box of plastic sandwich bags recovered from the kitchen of Williams' apartment. Police officers testified that the usual practice of selling crack cocaine is to use a razor blade to cut a large rock of crack cocaine into smaller rocks which are then packaged in plastic sandwich bags to be individually sold. Furthermore, uncontroverted witness testimony indicated that Baker did not use crack cocaine. This evidence could support the inference that Baker possessed the crack cocaine for the purpose of distribution, rather than for personal use.
 {¶ 15} We find, that upon the evidence in the record, a rational trier of fact could have found the essential elements of the crime of trafficking, in violation of R.C. 2925.03(A)(2) proven beyond a reasonable doubt. From the evidence presented, the trial court could reasonably infer that Baker was obtaining large rocks of crack cocaine from an outside source, using razor blades to cut the large rocks into smaller rocks and packaging the smaller rocks in the plastic bags for sale. Baker's conduct at Williams' apartment could also support a reasonable inference that Baker was selling the crack that he had prepared for sale.
 {¶ 16} In a case tried without a jury the court is only required to make a general finding. See Crim.R. 23(C). Therefore, despite the fact that the trial court's findings are related to Baker's participation in sales of crack cocaine, the judgment entry herein fulfills the requirements of Crim.R. 23(C) by finding that Baker is guilty of Trafficking in Crack Cocaine in violation of R.C. 2925.03(A)(2), a felony of the first degree. Accordingly, we do not find that the trial court found Baker guilty of an offense for which he was not indicted.
 {¶ 17} Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court committed an error of law in finding theappellant guilty of engaging in a pattern of corrupt activity.
 {¶ 18} R.C. 2923.32(A)(1) prohibits "engaging in a pattern of corrupt activity" and states that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity * * *. The offense is further defined in R.C. 2923.31, which states in pertinent part:
"Enterprise" includes any individual, sole proprietorship,partnership, limited partnership, corporation, trust, union,government agency, or other legal entity, or any organization,association, or group of persons associated in fact although nota legal entity. "Enterprise" includes illicit as well as licitenterprises.
* * *
"Pattern of corrupt activity" means two or more incidents ofcorrupt activity, whether or not there has been a priorconviction, that are related to the affairs of the sameenterprise, are not isolated, and are not so closely related toeach other and connected in time and place that they constitute asingle event. * * * *
"Corrupt activity" means engaging in, attempting to engage in,conspiring to engage in, or soliciting, coercing, or intimidatinganother person to engage in any of the following:
 * * * any violation of section * * * 2925.03 * * * of theRevised Code * * * that is a felony of the first, second, thirdor fourth degree * * * when the proceeds of the violation * * *or the value of the contraband * * * possessed, sold or purchasedin the violation exceeds five hundred dollars, or any combinationof violations * * * when the * * * value of the contraband * * *possessed, sold, or purchased in the combination of violationsexceeds five hundred dollars.
 {¶ 19} At issue in the case sub judice is the requirement that a defendant engage in a "pattern of corrupt activity," meaning two or more predicate offenses constituting corrupt activity. R.C. 2923.31(E). The indictment of Baker listed Trafficking in Crack Cocaine in violation of R.C. 2925.03 and Possession of Crack Cocaine in violation of R.C. 2925.11 as the predicate offenses for the Pattern of Corrupt Activity charge. Baker argues that because these charges are so closely related in time and place, the two counts are a single event. Baker contends that this evidence is insufficient evidence for the trial court to find Baker guilty of engaging in a pattern of corrupt activity.
 {¶ 20} Baker's indictment states "from on or about January 9, 2001 to on or about May 3, 2002" as the time period when the corrupt activity occurred. The indictment also states that the charge was based on "a continuing course of criminal conduct commencing in Allen County, Ohio, and ending in Hardin County, Ohio." The Bill of Particulars contains essentially the same language. It states, "[d]efendant Baker has been involved in a pattern of corrupt activity, to wit: trafficking in crack cocaine in Allen County, Ohio and Hardin County, Ohio from on or about January 9, 2001 through on or about May 3, 2002."
 {¶ 21} At trial, the State presented evidence to prove the existence of an enterprise from January 2001 to May of 2002. This evidence included witness testimony of drug transactions involving Baker that took place on February 6, 2001 and July 10, 2001, both in Allen County. The State also introduced evidence that in 2001 Baker sold crack cocaine from Keen's previous residence on Fairground Road in Hardin County.
 {¶ 22} Witness testimony also established that selling drugs at Heritage Manor around the first of the month was a regular occurrence. Witnesses explained that someone would come from Allen County to Heritage Manor to sell drugs at the first of the month because that was the time residents received welfare, disability and social security checks.
 {¶ 23} After reviewing the record and considering the evidence of the previous drug sales made by Baker in 2001 together with the evidence adduced at trial concerning the events of May 3, 2002 in a light most favorable to the prosecution, we find that a rational trier of fact could have found Baker's involvement in the several transactions was sufficient proof of his involvement in an enterprise and a pattern of corrupt activity.
 {¶ 24} Even if Baker's assertion that the trafficking and possession charges stemming from his May 3, 2002 arrest were so closely related in time and place that the two counts are a single event was to be accepted, there is additional evidence of previous sales made by Baker in Hardin County and Allen County which was considered by the trial court.
 {¶ 25} Accordingly, Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The sentence of the trial court is contrary to law.
 {¶ 26} An appellate court will not disturb a sentence imposed by a trial court unless clear and convincing evidence exists that the sentence is unsupported by the record, the procedure of the sentencing statutes was not followed, there was not a sufficient basis for the imposition of a prison term, or that the sentence is contrary to law. See R.C. 2953.08(G).
 {¶ 27} Baker was indicted for a violation of R.C.2925.03(A)(2), (C)(4)(f) and R.C. 2929.14(D)(3)(a). R.C. 2925.03
(C)(4)(f) states in relevant part:
[i]f the amount of the drugs involved * * * equals or exceedstwenty-five grams but is less than one hundred grams of crackcocaine * * *, trafficking in cocaine is a felony of the firstdegree and the court shall impose as a mandatory prison term oneof the prison terms prescribed for a felony of the first degree.
R.C. 2929.14 (D)(3)(a) prescribes the prison term for a violation of R.C. 2925.03 and provides, "the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced * * *."
 {¶ 28} R.C. 2929.14(D)(3)(b), however, allows a trial court to impose an additional prison term of one to ten years if the court makes both findings set forth division (D)(2)(b)(i) and (ii) of R.C. 2929.14. In imposing an additional prison term, the trial court must find that the sentence imposed is inadequate to punish the offender and protect the public from future crime because the offender demonstrates a great likelihood of recidivism. R.C. 2929.14(D)(2)(b)(i). The trial court must also find that the sentence imposed is demeaning to the seriousness of the offense because the offender's conduct is more serious than conduct normally constituting the offense. R.C.2929.14(D)(2)(b)(ii).
 {¶ 29} Baker argues that the trial court failed to make the required findings under R.C. 2929.14(D) in imposing the additional five-year prison term and, therefore, the sentence is contrary to law. Baker also contends that the trial court erred in classifying him as a "major drug offender" as his indictment did not contain a major drug offender specification pursuant to R.C. 2941.1410.
 {¶ 30} The trial court herein found it was required to impose a ten-year prison term for violation of R.C. 2925.03, but that given the nature and quality of Baker's conduct, the required prison term of ten years was inadequate to accomplish the purposes and principles of Ohio sentencing law and demeaned the seriousness of Baker's offense. The trial court determined that Baker committed the offenses as part of organized criminal activity that had the potential to cause persons serious physical, psychological and economic harm. Also, based on his previous convictions for drug offenses and his apparent lack of remorse, the trial court found that Baker was likely to re-offend. Pursuant to R.C. 2929.14(D)(2)(b)(i) and (ii), the trial court imposed an additional five-year prison term and found Baker to be a major drug offender.
 {¶ 31} Although Baker was not indicted with a major drug offender specification, pursuant to R.C. 2941.1410, nor did he meet the criteria to be classified a major drug offender, we do not find that the trial court erred as a matter of law in imposing an additional five-year prison term, as there was another basis for doing so with which the trial court fully complied.
 {¶ 32} In reviewing the trial court's procedure on sentencing, we find that the trial court complied with R.C.2929.14(D)(3)(b) in imposing the additional prison term. Not only did the trial court find that Baker demonstrated a great likelihood of recidivism, but also that the ten-year prison term would demean the seriousness of his conduct. Since the trial court made the requisite findings to impose the additional prison term, we find that the trial court's choice of language, classifying Baker as a major drug offender was, at most, harmless error.
 {¶ 33} Accordingly, appellant's third assignment of error is overruled.
 {¶ 34} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
Shaw, P.J., and Bryant, J., concur.