JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Demetrius Harper appeals his convictions for burglary and theft. He assigns the following two errors for our review:
 "I. The evidence of the trial court was against the manifest weight of the evidence."
 "II. The trial court failed to make the proper findings necessary to find the defendant guilty of felony theft."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Harper's convictions. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Harper for one count of burglary and theft. Harper voluntarily waived his right to a jury trial and the matter proceeded to the bench.
 Bench Trial {¶ 4} Charles Thomas testified he left his home at approximately 11:00 a.m. When he later returned, he saw Demetrius Harper exit the house and quickly enter a white car occupied by a man and woman. The car quickly sped away, driving over the neighbor's lawn to get around Thomas' vehicle.
 {¶ 5} Thomas discovered his DVD player, valued at $150, his E-Machine computer, valued at $600, and other items were missing. He also noticed his basement window was broken. The window was not broken when he left the house that day. Approximately one week later, Thomas received a call from Harper stating, *Page 4 
"I got your stuff, and I'll get it again if you get anymore." Thomas knew it was Harper because he recognized his voice.
 {¶ 6} This was not the first time that Harper had broken into Thomas' home. Approximately one month before, Harper was found hiding in Thomas' basement. Harper was arrested and told to stay away from Thomas' house.
 {¶ 7} Thomas acknowledged that his live-in girlfriend had a relationship with Harper. However, at the time of the second break-in, she was living in a drug rehabilitation center, and Harper was clearly told by Thomas after the first break-in that he was not permitted on the premises.
 {¶ 8} Harper's mother testified that her son was at her home the entire day on July 24, 2004. She did recall he left the house for fifteen minutes to go to the store. She was aware that Harper had been arrested for breaking into Thomas' house before, but claimed that Harper lived at Thomas' home.
 {¶ 9} Harper denied burglarizing Thomas' home. He claimed he was at his mother's the entire day and claimed that Thomas was seeking revenge against him for having a relationship with Thomas' girlfriend. Harper stated that he had lived with Thomas and his girlfriend off and on, but did not pay rent.
 {¶ 10} The trial court found Harper guilty of burglary, a felony of the third degree and theft, a felony of the fifth degree. The court sentenced Harper to one year on each count to run concurrently.
 Manifest Weight of the Evidence *Page 5 {¶ 11} Harper contends his convictions are against the manifest weight of the evidence. He argues Thomas was not credible because: he had a motive for framing Harper for having sex with his girlfriend; Thomas did not actually see him take anything; Thomas had no receipts to indicate he actually owned the items and their relative worth; and, the basement window had been broken prior to the date in question. Harper also contends he had his girlfriend's permission to be on the premises.
 {¶ 12} The fact finder concluded that appellant was guilty of the crimes of burglary and theft. An appellant has a heavy burden in overcoming the fact finder's verdict. As the Ohio Supreme Court held inState v. Thompkins:[1]
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Blacks, supra, at 1594.
 "* * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The *Page 6 
discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
 {¶ 13} Harper contends that the State failed to present receipts to prove that Thomas actually owned the items stolen and their respective value. Although no receipts were presented, Thomas testified that he owned these items and in fact, the officers retrieved the serial number for the computer from the packaging material that Thomas still had at his home. Harper also admitted that Thomas owned a computer and a DVD player. Although no receipts were presented to show the value of the items, Thomas testified he purchased the computer for $600 and the DVD player for $150. The trial court was in the best position to ascertain Thomas' credibility as to the monetary value of these items.
 {¶ 14} Harper also contends he had his girlfriend's permission to be on the premises; therefore, he could not be found guilty of the burglary. The girlfriend did not testify, and at the time of the incident, she was living in a drug treatment facility. Thomas testified that Harper did not have permission to enter the home. Harper had been previously told by Thomas that he did not have permission to enter the home. Moreover, Harper contended at trial he was at home with his mother at the time of the break-in. This alibi evidence contradicts his privilege argument.
 {¶ 15} Although it is true the basement window had been broken once before, Thomas testified that he had repaired the window and that it was not broken when *Page 7 
he left his home on the day of the incident. Whether this was true or not was for the fact finder to determine.
 {¶ 16} Harper also contends that Thomas had a motive to frame him for having a relationship with his girlfriend. The trial court was apprised of this motive. However, the court found Thomas to be credible. The photograph of the neighbor's lawn depicted tire marks, which corroborated Thomas' testimony that he observed Harper flee the scene in a car that sped over the neighbor's lawn. Accordingly, Harper's first assigned error is overruled.
 Trial Court Failed to Make Requisite Finding in JournalEntry {¶ 17} In his second assigned error, Harper contends the trial court failed to set forth the degree of the felony when it found him guilty of theft. Harper, therefore, argues pursuant to R.C. 2945.75(A)(2), he can only be found guilty of misdemeanor theft. We disagree.
 {¶ 18} R.C. 2945.75(A)(2) requires:
 "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."
 {¶ 19} Ohio courts have consistently held that strict adherence to R.C. 2945.75(A)(2) is not required when the verdict is issued by the trial court rather than *Page 8 
a jury.[2] This is especially true when the evidence clearly supports the court's finding of guilt.[3]
 {¶ 20} In the instant case, the trial court found on the record that Harper was guilty of theft. However, in its journal entry, it specifically identified the theft as a felony of the fifth degree. Therefore, although the trial court failed to recite the degree of the offense on the record, it correctly stated the degree in its journal entry. The evidence also clearly supported the conviction for a fifth degree felony because Harper stole more than $500 worth of items from the home.
 {¶ 21} Moreover, Harper never objected to the court's verdict at trial. Therefore, we find that the court's failure to strictly comply with the mandates set forth in R.C. 2945.75(A)(2) did not constitute reversible error. "Noncompliance with R.C. 2945.75(A)(2) may not constitute reversible error if the verdicts incorporate the language of the indictment, the evidence is overwhelming that the additional element is present, and there has been no objection at trial."[4] Accordingly, Harper's second assigned error is overruled.
 Judgment affirmed. *Page 9 
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J., CONCUR
[1] 78 Ohio St.3d 380, 386-387, 1997-Ohio-52.
[2] State v. Sullivan, Cuyahoga App. No. 82816, 2003-Ohio-5930;State v. Baker, 3rd Dist. No. 6-03-11, 2004-Ohio-2061;State v. Wiggins (July 1, 1992), 1st Dist. No. C-910620;State v. Jackson (Jan. 25, 1990), Cuyahoga App. No. 56494.
[3] State v. Wiggins, supra; State v. Jackson, supra.
[4] State v. Woods (1982), 8 Ohio App.3d 56. See also, State v.Breaston (1993), 83 Ohio App.3d 410, 413; State v. Sullivan, supra;State v. Napier (May 22, 1998), 2nd Dist. No. 16550. *Page 1