JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Ivan Kutsar ("defendant"), appeals from his conviction in the Cuyahoga County Court of Common Pleas. For the reasons that follow, we affirm.
 {¶ 2} On March 30, 2006, Officer Michael Campbell ("Officer Campbell") of the Strongsville Police Department observed a minivan whose license plates did not match its registration. Officer Campbell pulled the car over and spoke with the defendant, who was driving the vehicle. Defendant explained to Officer Campbell that he had recently purchased the vehicle from his cousin and put the license plates from his wife's car on the minivan. Officer Campbell noticed that the steering column was not intact and that the VIN number was missing from the front of the windshield. Officer Campbell suspected that the vehicle might be stolen and called for backup. Office Campbell asked defendant and the front seat passenger, Betty Cisneros ("Ms. Cisneros"), to step out of the vehicle.
 {¶ 3} Officer Campbell requested, and received, defendant's permission to search the car. During the search, Officer Campbell found a K-Mart shopping bag on the back seat behind the front passenger seat. The bag contained a digital scale, four plastic baggies with heroin, one baggie with cocaine, and one baggie with marijuana. Officer Campbell also found three cell phones throughout the car and $721 in defendant's wallet. *Page 4 
 {¶ 4} Officer Campbell arrested defendant and read him his rights. Defendant seemed surprised to learn that drugs had been found in the car. He told Officer Campbell that the drugs were not Ms. Cisneros and that he had given a ride to a man named "Jose" earlier that evening. In his written statement, defendant stated that he had picked up "Jose" and another man at the Great Lakes Bar at West 65th and Denison. He said that he dropped them off at West 73rd
and Lorain. Officer Campbell did not pursue an investigation of "Jose" because defendant did not provide any other identifying information.
 {¶ 5} A subsequent investigation revealed that defendant did not have a police record, that the vehicle was not stolen, and that defendant's information regarding the van was true.
 {¶ 6} On May 17, 2006, defendant was charged with two counts of drug trafficking in violation of R.C. 2925.03, two counts of drug possession in violation of R.C. 2925.11, and one count of possessing criminal tools in violation of R.C. 2923.24. Defendant pled not guilty and the case proceeded to a bench trial.
 {¶ 7} At trial, defense stipulated to the BCI report, which indicated that the items seized from defendant's vehicle were tested to be positive for heroin and cocaine and the various weights of those drugs. The trial court found defendant guilty of all five counts and sentenced him to one year in prison. Defendant timely appealed, asserting four assignments of error for our review. *Page 5 
 {¶ 8} "I. Ivan Kutsar has been deprived of his liberty without due process of law by his convictions for drug law and possessing criminal tools, as said convictions were not supported by sufficient evidence to prove his guilt beyond a reasonable doubt."
 {¶ 9} In his first assignment of error, defendant argues that the State failed to present sufficient evidence to support his convictions for trafficking and possession of drugs and criminal tools.
 {¶ 10} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 11} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence. Id. "In essence, sufficiency is a test of adequacy; whether the evidence is legally sufficient to sustain a verdict." Id. A verdict will not be *Page 6 
disturbed on appeal unless the reviewing court finds that reasonable minds could not have arrived at the conclusion reached by the trier of fact. State v. Dennis, 79 Ohio St. 3d 421, 430, 1997-Ohio-372.
A. Possession Charges
 {¶ 12} Defendant was charged with possession of drugs in violation of R.C. 2925.11, which provides in pertinent part that "no person shall knowingly obtain, possess, or use a controlled substance" and possession of criminal tools in violation of R.C. 2923.24, which prohibits a person from possessing or have under their control "any substance, device, instrument, or article, with purpose to use it criminally."
 {¶ 13} Possession may be proven by evidence of actual physical possession or constructive possession, where the contraband is under the defendant's dominion or control. State v. Palmer (Feb. 6, 1992), Cuyahoga App. No. 58828. Constructive possession may be proven by circumstantial evidence alone but "dominion and control" may not be inferred solely from mere access to the substance through ownership or occupation of the premises upon which the substance is found. State v.Taylor, 78 Ohio St.3d 15, 1997-Ohio-243.
 {¶ 14} Here, a small digital scale, commonly used to measure drugs and six baggies of drugs, four containing heroin, one containing cocaine, and one containing marijuana, were found in the backseat of defendant's vehicle. *Page 7 
 {¶ 15} Defendant argues that his case is analogous to State v.Palmer, supra, or State v. Mayer, Cuyahoga App. No. 80168, 2003-Ohio-1, wherein this Court found that a defendant's mere proximity to drugs was insufficient to convict of drug possession. In Palmer, this Court found that the defendant did not exercise any dominion or control over the car, since he was in the back seat and the drugs were found under the driver's seat. In Palmer, this Court noted that the drugs could have been possessed by either of the other two people in the car. InMayer, the defendant did have control over his car, since he was the driver; however, this Court found that the drugs could have been possessed by his passenger at the time. This case, however, is clearly distinguishable from Palmer and Mayer.
 {¶ 16} Here, defendant did exercise dominion and control over the car. It was his car and he was driving it. Moreover, there was only one other person in the car with him at the time he was pulled over and Officer Campbell testified that defendant was adamant that the drugs did not belong to her. Rather, defendant told Officer Campbell that he had given a ride to a guy named "Jose" earlier that evening and that the drugs must have belonged to him. However, no further information was given with regards to the identity of "Jose."
 {¶ 17} In sum, applying the standard of review for sufficiency of the evidence as set forth above, we find, after viewing the evidence in a light most favorable to the State, that any rational trier of fact could have found the essential elements of the *Page 8 
crime of possession of drugs and criminal tools proved beyond a reasonable doubt and the trial court properly denied his motion for acquittal on these charges.
B. Trafficking Charges
 {¶ 18} Defendant was also charged with trafficking of drugs in violation of R.C. 2925.03, which provides in pertinent part that "no person shall knowingly * * * prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 19} Here, four baggies of heroin, one baggie of cocaine, and one baggie of marijuana were found in the backseat of defendant's vehicle. A small digital scale, commonly used to measure drugs, was found in defendant's vehicle. In addition, three cell phones and a large sum of money were found in defendant's vehicle.
 {¶ 20} Circumstantial evidence is sufficient to establish an element of any crime. See State v. Jenks (1991), 61 Ohio St.3d, at paragraph one of the syllabus. Plastic baggies, digital scales, and large sums of money are often used in drug trafficking, and constitute circumstantial evidence that defendant was using these items in such a manner. SeeState v. Fain, Delaware App. No. 06CAA120094, 2007-Ohio-4854 (plastic sandwich bags, magazine papers, and digital scales are circumstantial evidence that may be used in drug trafficking); State v. Smith, Union App. No. 14-01-28, 2002-Ohio-5051 (jury could consider possession of drugs, scale, *Page 9 
baggies, cash, and gun in conviction of trafficking); State v.Frye, Summit App. No. 23211, 2007-Ohio-3240 (convergence of illegal drugs, drug paraphernalia [including baggies], and large sums of cash permit a reasonable inference that a person was preparing drugs for shipment).
 {¶ 21} We find, after viewing the evidence in a light most favorable to the State, that any rational trier of fact could have found the essential elements of the crime of trafficking of drugs proven beyond a reasonable doubt and the trial court properly denied his motion for acquittal on these charges.
 {¶ 22} Assignment of Error I is overruled.
 {¶ 23} "II. Ivan Kutsar has been deprived of his liberty without due process of law by his convictions for third-and fourth-degree drug trafficking and drug abuse and a felony possessing criminal tools, when the fact finder failed either to state the degree of the offense or indicate that it had found Mr. Kutsar guilty of degree-enhancing elements."
 {¶ 24} In his second assignment of error, defendant contends that the trial court failed to orally set forth the degrees of the offenses when it found him guilty and therefore he can only be found guilty of the least degree of each of the offenses charged in the indictment.[1] *Page 10 
 {¶ 25} R.C. 2945.75(A)(2) provides in pertinent part that "a guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."
 {¶ 26} This Court has previously held that strict adherence to R.C.2945.75(A)(2) is not required when the verdict is issued by the trial court rather than a jury. State v. Harper, Cuyahoga App. No. 88000,2007-Ohio-1001; State v. Sullivan, Cuyahoga App. No. 82816,2003-Ohio-5930. This is especially true when the evidence clearly supports the court's finding of guilt. State v. Harper, supra.
 {¶ 27} Here, the trial court found on the record that defendant was guilty of drug trafficking, possession of drugs, and possession of criminal tools. However, in its journal entry, it specifically identified the trafficking of heroin (count one) as a felony of the third degree, the trafficking of cocaine (count two) as a felony of the fourth degree, possession of heroin (count three) as a felony of the third degree, possession of cocaine (count four) as a felony of the fourth degree, and possession of criminal tools (count five) as a felony of the fifth degree. Therefore, although the trial court failed to recite the degree of the offense on the record, it correctly stated the degree in its journal entry. Moreover, prior to trial, defense stipulated to the content and weight of the drugs as found in the BCI report. Accordingly, the amount *Page 11 
of drugs at issue was never in dispute.[2] In addition, based on our decision in the first assignment of error, the evidence also clearly supports the convictions.
 {¶ 28} Accordingly, we find that the court's failure to strictly comply with the mandates set forth in R.C. 2945.75(A)(2) did not constitute reversible error. "Noncompliance with R.C. 2945.75(A)(2) may not constitute reversible error if the verdicts incorporate the language of the indictment, the evidence is overwhelming that the additional element is present, and there has been no objection at trial." State v.Harper, supra; State v. Woods (1982), 8 Ohio App.3d 56.
 {¶ 29} Assignment of Error II is overruled.
 {¶ 30} "III. Ivan Kutsar has been deprived of his constitutional right to remain silent by the prosecution's use of his post-arrest silence as proof of his guilt in its case-in-chief."
 {¶ 31} In his third assignment of error, defendant contends that the State violated his Fifth Amendment right to remain silent by using his post-arrest silence as proof of guilt. Specifically, defendant claims that Officer Campbell should not have been allowed to testify that defendant did not wish to answer any questions about the drugs found in the back seat of the car.
 {¶ 32} A review of the testimony in question shows that the State was merely asking Officer Campbell if it had further investigated defendant's claim that "Jose" *Page 12 
had left the drugs in the back seat of the car. In no way was Officer Campbell's testimony used to impeach defendant's credibility or show proof of guilt. Moreover, we also apply the presumption that, during a bench trial, the trial court "considered only the relevant, material, and competent evidence in arriving at its judgment unless it appears to the contrary." State v. Lott (1990), 51 Ohio St.3d 160, 166-167;State v. Post (1987), 32 Ohio St.3d 380, 384.
 {¶ 33} Assignment of Error III is overruled.
 {¶ 34} "IV. Ivan Kutsar was deprived of his constitutional right to effective assistance of counsel, by trial counsel's preserve issues for appeal."
 {¶ 35} In his fourth assignment of error, defendant argues that his trial counsel was deficient in various respects and that he was denied his constitutional right to the effective assistance of counsel.
 {¶ 36} In order for this Court to reverse a conviction on the grounds of ineffective assistance of counsel, we must find that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial.Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus. Strategic or *Page 13 
tactical decisions made by defense counsel, which are well within the range of professionally reasonable judgment, need not be analyzed by a reviewing court. Strickland, supra.
 {¶ 37} Defendant first argues that his trial counsel performed deficiently by failing to object when the trial court failed to state the degrees of the offenses from which he was found guilty. Based upon our decision in the second assignment of error, defendant has not shown that such failure is reversible error. Therefore, defendant was not denied effective assistance of counsel on this basis.
 {¶ 38} Next, defendant claims that he was prejudiced when his trial counsel failed to object to Officer Campbell's improper testimony. In the third assignment of error, we held that Officer Campbell's testimony was not improper and did not violate defendant's right to remain silent. Thus, counsel's failure to object to this testimony was not prejudicial and defendant was not rendered ineffective assistance of counsel.
 {¶ 39} Assignment of Error IV is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction *Page 14 
having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
CHRISTINE T. McMONAGLE, J., and MARY J. BOYLE, J., CONCUR
[1] In this case, fifth-degree felonies for the trafficking and possession of drugs counts (one through four) and a first-degree misdemeanor for the possession of criminal tools (count five).
[2] See Tr. page 6. *Page 1