JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Leandra Floyd, appeals the decision of the Cuyahoga County Court of Common Pleas that denied his motion for acquittal. For the reasons stated herein, we affirm.
 {¶ 2} The following facts give rise to this appeal. Floyd was indicted on January 24, 2007, with one count of drug trafficking in violation of R.C. 2925.03 and one count of possessing criminal tools in violation of R.C. 2923.24. Floyd pled not guilty to the charges, and the case proceeded to a bench trial.
 {¶ 3} At trial, the state presented testimony from Officers Gary Bartell and Christopher Gillard, both experienced officers with the Cleveland Police Department. On December 17, 2006, the officers were on patrol when they noticed a vehicle parked in the driveway of an abandoned house on East 72nd Place. The area was a high drug area.
 {¶ 4} A male was observed outside the rear of the vehicle with a cup in one hand and a bottle of alcohol next to him. The officers approached, learned that the substance was vodka, and cited the man for having an open container of alcohol. The officers noticed another individual, later identified as Floyd, who was sitting in the front passenger seat. He was holding a cup and was also drinking vodka.
 {¶ 5} Officer Bartell asked Floyd for identification, but he did not have any. Officer Gillard asked Floyd to exit the vehicle. When Floyd exited, Officer *Page 2 
Gillard observed a bag of marijuana sitting between the console and the passenger seat, which was where Floyd's left foot would have been. There was one larger plastic bag that was filled with 24 small, individually wrapped, tied-off plastic bags. The marijuana, which was evenly dispensed, was determined to total 23 grams. The officers recovered $218 from Floyd's person.
 {¶ 6} Both officers testified that, from their experience, the packaging was indicative of packaging for sale. Officer Bartell stated that "the sellers are the only ones that have ever carried around any type of bulk or large amount." Officer Gillard indicated that someone dealing in marijuana would not divide it up ahead of time "unless [he is] going to sell it." The officers' testimony also reflected that the large sum of money with a lack of other explanation was indicative of somebody dealing in drugs.
 {¶ 7} The officers conceded that they did not see any drugs on Floyd's person, did not see him packaging any of the drugs, did not see him bring the drugs to the area, and did not see him engage in any drug transaction.
 {¶ 8} At the conclusion of the state's case, Floyd made a motion for acquittal pursuant to Crim. R. 29. The trial court granted the motion as to the possessing criminal tools charge, but denied the motion as to the drug trafficking charge. The trial court proceeded to find Floyd guilty of drug trafficking and sentenced him to community control sanctions. *Page 3 
 {¶ 9} Floyd has appealed the denial of the motion for acquittal on the drug trafficking charge. He raises one assignment of error for our review: "The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of trafficking a controlled substance."
 {¶ 10} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, "`the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Leonard, 104 Ohio St.3d 54, 67, 2004-Ohio-6235, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 11} R.C. 2925.03(A)(2), governing drug trafficking, provides: "(A) No person shall knowingly do any of the following: * * * (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person." *Page 4 
 {¶ 12} Floyd argues that there was no evidence that he ever had physical possession of the marijuana and that there was insufficient evidence to establish that he was in constructive possession of the marijuana. He states that he did not own the car, he was not driving the car, he was not smoking the marijuana, he made no statements indicating that he owned or had used the bag, and that the officers did not observe him doing anything with the marijuana. Floyd asserts that the evidence was simply that he was a passenger in someone else's car that had a bag of marijuana under one of the seats.
 {¶ 13} The crux of Floyd's argument is that there was insufficient evidence that he possessed the marijuana. Although the state contends that possession is not an element of drug trafficking, under the circumstances of this case, without some evidence of possession, there would be insufficient circumstantial evidence that Floyd committed the offense of drug trafficking. Nevertheless, for the reasons set forth below, we find that there was sufficient evidence that Floyd possessed the drugs.
 {¶ 14} This court has previously recognized the following: "Possession may be actual or constructive. To place a defendant in constructive possession, the evidence must demonstrate that the defendant was able to exercise dominion or control over the items. Moreover, readily usable drugs found in very close proximity to a defendant may constitute circumstantial evidence and support a *Page 5 
conclusion that the defendant had constructive possession of such drugs." State v. Barr (1993), 86 Ohio App.3d 227, 235 (internal citations omitted).
 {¶ 15} A review of the record shows that there was sufficient circumstantial evidence that Floyd possessed the marijuana. Officer Gillard testified that when Floyd exited the car, the officer observed a bag of marijuana on the floor of the car where Floyd's left foot would have been. When asked whether the bag was in close proximity to Floyd, the officer responded that "you could reach down and grab it if you needed to." Upon these facts, we find that there was sufficient circumstantial evidence that Floyd possessed drugs.
 {¶ 16} We further find that there was sufficient circumstantial evidence in this case to establish the elements of drug trafficking beyond a reasonable doubt. This court observed in State v. Kustar, Cuyahoga App. No. 89310, 2007-Ohio-6990: "Circumstantial evidence is sufficient to establish an element of any crime. See State v. Jenks
(1991), 61 Ohio St.3d, at paragraph one of the syllabus. Plastic baggies, digital scales, and large sums of money are often used in drug trafficking, and constitute circumstantial evidence that defendant was using these items in such a manner."
 {¶ 17} In this case, the marijuana was packaged in 24 individually wrapped, evenly dispensed, tied-off plastic bags, and was within the constructive possession of Floyd. The police officers testified that, from their experience, the *Page 6 
packaging was indicative of packaging for sale and was inconsistent with packaging for personal use. A large sum of money was also found on Floyd's person. In addition, Floyd was seated in a car parked at an abandoned house in a high drug area. Although the officers did not observe Floyd prepare the marijuana or engage in any activity consistent with drug trafficking, the circumstances under which the drugs were found were sufficient to establish the crime charged beyond a reasonable doubt.
 {¶ 18} Floyd's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, J., and ANN DYKE, J., CONCUR *Page 1